IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL LEE CALLEGARI,

    Plaintiff,

  v.

CHARLES D. LEE, et al.,

    Defendants.
                        /

No. C 08-02420 CW (PR)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    Plaintiff requests the appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the

1  ability of the plaintiff to articulate his claims pro se in light
2  of the complexity of the legal issues involved.  See id. at 1525;
3  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v.
4  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these
5  factors must be viewed together before reaching a decision on a
6  request for counsel under § 1915.  See id.

7      The Court is unable to assess at this time whether exceptional
8  circumstances exist which would warrant seeking volunteer counsel
9  to accept a pro bono appointment.  The proceedings are at an early
10 stage and it is premature for the Court to determine Plaintiff's
11 likelihood of success on the merits.  Accordingly, the request for
12 appointment of counsel at this time is DENIED.  This does not mean,
13 however, that the Court will not consider appointment of counsel at
14 a later juncture in the proceedings, that is, after Defendants have
15 filed their dispositive motion and the Court has a better
16 understanding of the procedural and substantive matters at issue.
17 Therefore, Plaintiff may file a renewed motion for the appointment
18 of counsel after Defendants' dispositive motion has been filed.  If
19 the Court decides that appointment of counsel is warranted at that
20 time, then it can seek volunteer counsel to agree to represent
21 Plaintiff pro bono.
22     This Order terminates Docket no. 2.
23     IT IS SO ORDERED.

Dated:  7/3/08

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARL LEE CALLEGARI et al,

        Plaintiff,

v.

CHARLES D. LEE et al,

        Defendant.

Case Number: CV08-02420 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carl Lee Callegari
Salinas Valley State Prison
E-42616
P.O. Box 1050 C-8-126
Soledad, CA 93960

Dated: July 3, 2008

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk

3